### In re AMERICAN PRODUCT CO.

(District Court, E. D. Pennsylvania. April 12, 1915.)

#### No. 4970.

1. BANKRUPTCY ☞345—CLAIMS—PRIORITIES—SURETIES.

Where a contractor incurred debts exceeding the amount of his surety bond, and the surety paid the amount of the bond for distribution among the creditors for whose protection it was given, and other assets of the contractor were being distributed in bankruptcy, the surety's claim against the contractor for the amount paid by it was not entitled to share in the distribution of the funds until the creditors for whose protection the bond was given were paid in full, though with all other creditors it had a right to share dividends.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 531, 532, 534, 539, 540; Dec. Dig. ☞345.]

2. BANKRUPTCY ☞353—CLAIMS—PRIORITIES—SURETIES.

In such case, a dividend percentage should be found by dividing the amount for distribution by the total indebtedness, and awards should be made to the general creditors on that basis, and the moneys not so awarded should then be distributed to those creditors within the protection of the surety bond until their claims were paid in full; any balance remaining to be awarded to the surety.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 541–544; Dec. Dig. ☞353.]

In Bankruptcy. In the matter of the American Product Company, bankrupt. On petition for review of two orders of the referee. Orders revoked and modified respectively.

Frank Rogers Donahue, of Philadelphia, Pa., for Title Guaranty & Surety Co.

Walter L. Sheppard and Porter, Foulkrod & McCullagh, all of Philadelphia, Pa., for Thompson Lockhardt Co.

Robert W. Finletter, of Philadelphia, Pa., for trustee.

DICKINSON, District Judge. In the course of the proceedings in this case a question arose which has been certified to this court for decision. It has been certified in the form of two pro forma orders made by the referee, to review which separate petitions have been filed. In legal effect, however, they involve but one general question, and will be so treated.

[1] The question springs out of this condition of facts: American Product Company entered into a municipal contract with the city of Philadelphia. Following the requirements of the city ordinances, which are in turn based upon the acts of assembly, which give coun-

cils power to so require, American Product Company gave bond in the sum of $34,395, with condition that it would pay all debts contracted for work and labor done and materials supplied in the fulfillment of the contract. Title Guaranty & Surety Company became the surety on this bond. The contractor entered upon the performance of its contract, and in so doing incurred debts exceeding the amount of the bond. Claim was made upon the surety, and suit was brought upon the bond in the state court, to which many creditors became parties by suggestions filed. As the aggregate of the claims exceeded the amount of the bond, the surety paid the full sum of its obligation into court in payment, and in this sense in discharge of its liability, and the sum thus paid was distributed through an auditor pro rata among the claimants. The contractor then went into bankruptcy, and assets came into the hands of its trustee for distribution. When the surety company became surety, it followed the usual course in such cases of taking what was in effect the indemnifying obligation of the contractor to it as surety, so that upon payment of the bond it became the creditor of the principal in the sum of $34,395. The total indebtedness of the contractor including this exceeds the sum for distribution. A very practical situation, therefore, presents itself. The amount of the dividend which each class of creditors will receive is affected by the scheme or basis of distribution adopted.

Among the questions which might arise out of the situation, the one which is presented by one of these petitions comes up in this way. Among those who were the beneficiary obligees of the surety bond is Thompson Lockhardt Company. The debt due it by the contractor was or is $5,744.33. Upon this, through the proceedings spoken of, they received a dividend of $1,636.66. They asked the referee to allow them a dividend on the full claim of $5,744.33. He, for the purpose of raising the question, entered a pro forma order disallowing the full claim and directing a credit of $1,636.66 to be made. The petition is to review this order.

The question raised by the other petition comes up in this form: The surety company, having made this payment of $34,395, presented its claim. The trustee asked that it be rejected. The referee by his order allowed it. There is also a petition to review this order. The review involves, however, the question of what is the proper principle in accordance with which distribution should be made. The logical value of an argument cannot always be determined by the test of the results of the application of its deductions to the facts of a particular case. This test nevertheless sometimes has a verification value, and in the case now before us is of utility, in that it presents the arguments supporting each side of the controversy in what may be called concrete form. Incorporating for this purpose, the essential features of the instant case in a supposititious one, we have this presentation. A corporation secures a municipal contract. It gives bond, with surety, in say the sum of $30,000, for the payment of all debts contracted in the fulfillment of its contract. When the time of payment arrives, the contractor owes $60,000, and has assets of its own of $30,000, to which the surety adds $30,000 in payment of his

bond, which is applied to the debts, reducing them to a balance of $30,000. The fund for distribution is then $30,000; the debts are $60,000, including the $30,000 due the surety. A decree of distribution in accordance with the argument of the petitioners would allow them payment of their claims in full. The argument of the surety would call for a dividend of $15,000 to the creditors on $30,000, the balance due them, and a like amount to the surety.

We may have the aid of further light in our search for the correct principle of distribution by varying somewhat the analogue we are pursuing. If the debt due the surety be viewed as the loan of $30,000 to the contractor, and applied by it to the payment of its debts, we would have presented the case of assets of $30,000, a debt of $30,000 due the contractors, and a like debt of $30,000 for money loaned. This situation would seem to clearly call for a pro rata distribution. If, however, we suppose a surety bond, and the surety not to have made payment, but to have postponed meeting the obligation of its bond until after the creditors had exhausted the assets of the principal, then the condition would have been this: A fund for distribution of $30,000, with $60,000 due the creditors; a dividend of 50 per cent. paid them; and a claim in their hands of $30,000 against the surety on the bond. This brings into clear light two thoughts. One is that the equities of the bond creditor are affected by the contractual obligation into which it has entered. The other is that its equities may be affected by the fact of whether it made payment of its obligation before or after the application of the assets of the principal to the discharge of the debts for which it was surety.

This brings us to the special facts of this case. The contract of the principal was that all labor and material claims for work done and materials supplied to the work would be paid in full. The surety agreed to be responsible for this undertaking. The only limitation imposed by the surety was that in no event should its money liability exceed $34,395. Within that limitation, therefore, its liability for the payment of this class of debts became absolute. As between it and the creditors, for whose claims up to this amount it was responsible, it is within the equitable principle that, where two parties are claimants upon a common fund, one of whom is liable for the debt of the other, he cannot, as against that part of the debt of the other for which he is responsible, share in the fund. The surety here paid the amount of its bond to these creditors. In consequence, it cannot be called upon by them to pay more. Such payment, however, does not give it the right to receive back as against them any part of what it has so paid.

We have treated the case as if there were no other claimants upon the fund other than the creditors to whom the surety was under bond. With all other creditors the surety has the right to share dividends. With those to whom it is liable it has no right to share up to the limit of its liability. As presented by the one petition, these creditors are content to share in the fund on the basis of the amount of their original claims. In so doing they are within their rights. As presented by the other petition, the creditors invoke the principle that as

against them the surety company, which is surety to them, cannot lay claim to the assets of the principal until those for whose claims the surety company is surety have been paid in full.

[2] So seems the case to stand on general principles. It only remains to inquire whether the Bankruptcy Law in any way modifies these rights. It is sufficient to observe that we do not find that it does, except under conditions which do not exist here, and no such claim is made by counsel. It follows that the pro forma orders made by the referee should each be revoked, and this is accordingly done. If the record is in shape for final disposition of all matters pending before the referee, a decree for this purpose may be submitted by counsel. If no such decree is asked for within five days, the report is referred back to the referee, the cause to be proceeded with in accordance with this opinion. In such event, the principles of distribution which are to be followed are, for the convenience of the referee, recapitulated as follows:

1. The debts of the bankrupt are to be ascertained and classified. One class is to be made up of such debts as are within the protection of the surety bond; the other, of all other debts, or such divisions thereof, necessity for the separate statement of which may arise.

2. The surety company is entitled to share with all creditors of the bankrupt, but not to the prejudice of the beneficiary obligees of the bond on which it was surety.

3. The labor and material supply creditors, to the amount of their claims within the protection of the surety bond, are entitled to payment in full of the respective sums due them before the surety company is entitled to receive any share in the assets of the bankrupt.

4. As a practical method of working out these equities, a dividend percentage may be found by dividing the total indebtedness of the principal into the amount for distribution, and awards made to general creditors on this basis. The moneys not so awarded are to be distributed to those creditors who are within the protection of the surety bond for the part of the debts due them which is so protected, until they shall have received payment of such part of their claims in full. The balance for distribution, if any, is to be awarded to the surety company. This may necessitate the formal proof of the surety's claim, and the order with respect to this is modified to this extent.